KLIEBERT, Judge.
This is an appeal from a judgment of the trial court dismissing a suit filed by Mr. Harry Williams, Jr. seeking to disqualify Mr. Cedric Floyd as a candidate for Council Chairman, Jefferson Parish, at the election to be held on October 22, 1983.
Mr. Williams’ suit is grounded in the contention Mr. Floyd failed to pay the qualifying fee required by law. The trial judge’s judgment permits the candidate to run for the office by submitting an additional qualification fee.
For the reasons hereafter stated, we reverse the trial judge and hold that Mr. Floyd has not qualified in the manner required by law.
La.R.S. Article 18:464 reads in pertinent part as follows:
*772 “A. Method of payment. The qualifying fee shall be paid to the official with whom the candidate qualifies and shall accompany the notice of candidacy. The qualifying fee shall be paid in cash or by certified or cashier’s check on a state or national bank, United States postal money order, or money order issued by a state or national bank. (Emphasis Supplied).
B. Amount of qualifying fees. The qualifying fees for candidate in primary elections are:
(2) For local candidate — two hundred dollars for state senator and district judge, one hundred fifty dollars for state representative and other district or parochial offices, and fifty dollars for ward and all other local offices. (Emphasis Supplied).
C. Additional fees. (1) A state central committee of a political party may fix and impose an additional fee to be collected in the manner provided in this Paragraph. The amount of the additional fee shall be uniform as to all candidates for each office of the same kind or character and in no event shall be in an amount in excess of one-half the qualifying fee fixed by law.... ”
Mr. Floyd contends that some unknown person in the Clerk’s office informed him the qualifying fee was $112.00. He does not seriously dispute, however, Mr. Justice’s testimony as to events which transpired at the time he qualified for office which was just a few minutes prior to the closing of qualifications.
According to Mr. Justice, the Clerk of Court for the Parish of Jefferson, when asked as to the amount of the qualifying fee for Council Chairman, he informed Mr. Floyd he did not know, but pointed out that the other candidates had paid a state qualifying fee of $150.00 plus an amount to cover their respective party qualifying fee and, accordingly, advised Mr. Floyd to pay a qualifying fee of $225.00. Nevertheless, based on his belief the office he was qualifying for was similar to that of a “Police Juror”, Mr. Floyd elected to pay the qualifying fee ($75.00 for the state and $37.00 for the party) set out for a police juror in the Secretary of State’s pamphlet entitled “Gubernatorial Election Information, State of Louisiana 1983”.
The trial judge found the proper qualifying fee under the above quoted provision was $150.00 for the state and $75.00 for the party. However, in view of alleged ambiguities in the statute and for the stated reasons that courts have traditionally hesitated to disqualify candidates on misunderstandings or ambiguous statutes, his judgment permitted Mr. Floyd to run for the office by submitting the remaining qualifying fee of $125.00 by 4:00 o’clock P.M. on Monday, August 15, 1983.[1]
As we read the quoted statute, the requirements are clear. Further, we see no basis for equating the office of council chairman to that of a police juror rather than a parochial office. Under the statutes, the failure to submit with the notice of candidacy an amount sufficient to cover the qualifying fee is a failure to qualify in the manner provided by law. The effect of the trial court order is to extend the time for qualifying to August 15, 1983. We see no difference in principle from the situation involved here to one where the prospective candidate files his qualifying papers after the time for qualifying has expired. Prohibiting the latter’s candidacy in the election for failure to timely qualify would not be considered a technicality, but rather, a recognition that qualifying deadlines must be adhered to for the citizens to have an orderly election.
Under the election laws, the Secretary of State determines the qualifying dates for various offices by counting back from the date on which the election is to be held. There are numerous “deadlines or cutoff” *773 dates which must be adhered to in order to maintain an orderly election on the date set. Even the trial and appeal of election suits are to adhere to a rigid time period to take action or the right to do so is thereafter foreclosed.
The payment of the proper qualifying fee is not a technicality. It is a prerequisite to qualifying and must be rigidly adhered to if order in the conduct of elections are to be maintained. Paramount to a democratic society is the conduct of orderly elections. If we permit a candidate who may be confused as to his appreciation of the law to re-open the qualification period, then we would be unable to enforce the legislative time limitations on any of the prerequisites to qualification, or the time limit set for an orderly election.
REVERSED AND SET ASIDE.

. During oral arguments we were informed the additional qualifying fee of $125.00 had been paid.